UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

CASE NO. 6:24-cv-172

TESLA, INC.,

       Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

       Defendants.

_____/

## COMPLAINT

Plaintiff, Tesla, Inc. ("Tesla"), by and through undersigned counsel, hereby sues Defendants, The Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively, the "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.    Defendants are promoting, selling, reproducing, offering for sale, and distributing goods using counterfeits and confusingly similar imitations of Plaintiff's trademarks within this district through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" hereto (the "Seller IDs"). [1]

2.    Like many other famous trademark owners, Plaintiff suffers ongoing daily and sustained violations of their trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Plaintiff's trademarks for the twin

---

[1] Plaintiff will be moving to file Schedule "A" under seal.

purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Plaintiff's trademarks, as well as the destruction of the legitimate market sector in which they operate.

3.      In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, Plaintiff has expended significant amounts of resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement. The exponential growth of counterfeiting over the Internet, particularly through online marketplace platforms, has created an environment that requires individuals, such as Plaintiff, to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and themselves from the negative effects of confusion and the erosion of the goodwill connected to Plaintiff's brand.

## JURISDICTION AND VENUE

4.      This is an action seeking damages and injunctive relief for trademark counterfeiting and infringement, false designation of origin under the Lanham Act, common law unfair competition; common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, 1121, 1125(a), and 1125(d), and The All Writs Act, 28 U.S.C. § 1651(a); 15 U.S.C. § 1051 *et seq*.

5.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1114 and 1125(a), 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

6.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims, because the claims are so related to the trademark claims in this action, over which this Court has original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Defendants are subject to personal jurisdiction in this District because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Texas and this District through at least the Internet based e-commerce stores and fully interactive commercial Internet websites accessible in Texas and operating under the Seller IDs.  Upon information and belief, Defendants infringe Plaintiff's trademarks in this District by advertising, using, selling, promoting and distributing counterfeit trademark goods through such Internet based e-commerce stores and fully interactive commercial Internet websites.

8.     Venue is proper in this District pursuant 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens engaged in infringing activities and causing harm within this District by advertising, offering to sell, selling and/or shipping infringing products into this District.  Defendants may be found in this District, as they are subject to personal jurisdiction herein.

### THE PLAINTIFF

9.     Plaintiff is a Delaware corporation having its principal place of business in Palo Alto, California.

10.     Plaintiff is the owner of all rights, title, and interest in the TESLA standard character mark and related logos (collectively, the "Tesla Marks").

11.     High-quality products under the Tesla Marks are designed, manufactured, marketed, and distributed in interstate commerce, including within this judicial district.

12.     Tesla is a multinational automotive and clean energy company which designs, manufactures, and sells electric vehicles, stationary battery energy storage devices, solar panels, solar shingles, and related products and services.

13.     Tesla was first incorporated in 2003 as Tesla Motors.  The company's famous name is a tribute to inventor and electrical engineer Nikola Tesla.  In 2004, Elon Musk joined the company as its largest shareholder, and in 2008, he was named CEO.  In 2008, the company began production of its first car model, the Roadster sports car, followed by the Model S sedan in 2012, the Model X SUV in 2015, the Model 3 sedan in 2017, the Model Y crossover in 2020, the Tesla Semi truck in 2022, and the Cybertruck pickup truck in 2023.

14.     Tesla is now one of the world's most valuable companies. The Model 3 is the all-time bestselling plug-in electric car worldwide, and in June 2021, the Model 3 became the first electric car to sell 1 million units globally.  In 2021, Tesla's market capitalization temporarily reached $1 trillion, the sixth company to do so in U.S. history.  In 2022, the company led the battery electric vehicle market, with 18% share.  As of 2023, it is the world's most valuable automaker.

## THE DEFENDANTS

15.     Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, or redistribute products from the same or similar sources in those locations and/or ship their goods from the same or similar sources in those locations to shipping and fulfillment centers within the United States to redistribute their products from those locations.  Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).  Defendants target their business activities towards consumers throughout the United States, including within this district through the operation of Internet based e-commerce stores via Internet marketplace websites under the Seller IDs.

16.     Defendants are the past and present controlling forces behind the sale of products under counterfeits and infringements of Plaintiff's trademarks as described herein using at least the Seller IDs.

17.     Upon information and belief, Defendants directly engage in unfair competition by advertising, offering for sale, and selling goods bearing one or more of Plaintiff's trademarks to consumers within the United States and this District through Internet based e-commerce stores using, at least, the Seller IDs and additional seller identification aliases and domain names not yet known to Plaintiff.  Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Texas through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing goods into the State.

18.     Defendants have registered, established or purchased, and maintained their Seller IDs.  Upon information and belief, Defendants may have engaged in fraudulent conduct with respect to the registration of the Seller IDs.

19.     Upon information and belief, some Defendants have registered and/or maintained their Seller IDs for the sole purpose of engaging in illegal counterfeiting activities.

20.     Upon information and belief, Defendants will continue to register or acquire new seller identification aliases and domain names for the purpose of selling and offering for sale goods bearing counterfeit and confusingly similar imitations of one or more of Plaintiff's trademarks unless preliminarily and permanently enjoined.

21.     Defendants use their Internet-based businesses in order to infringe the intellectual property rights of Plaintiff.

22.     Defendants' business names, *i.e.*, the Seller IDs, associated payment accounts, and any other alias seller identification names used in connection with the sale of counterfeit and

infringing goods bearing one or more of Plaintiff's trademarks are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringement scheme and cause harm to Plaintiff.  Moreover, Defendants are using Plaintiff's famous trademarks to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

## GENERAL FACTUAL ALLEGATIONS

### *Plaintiff's Intellectual Property Rights*

23.    Plaintiff is the owner of the following trademark registrations, which are valid and registered on the Principal Register of the United States Patent and Trademark Office, and pending applications for trademark registration on the Principal Register (*i.e.*, the Tesla Marks):

| Mark | Serial No. | Reg. No. | Int'l Class of Goods and Services |
|---|---|---|---|
| T Design | 97/343994 | | (08) Branding irons. |
| T Design | 97/210649 | | (09) Microphones; headphones; earphones; digital audio players; sound transmitting apparatus; audio speakers; subwoofers; earpads for headphones; audio interfaces; audio equalizer apparatus; horns for loudspeakers; megaphones. |
| T Design | 87/491067 | 6251645 | (09) Solar energy equipment, namely, photo-voltaic solar modules in the shape of panels or roofing tiles for converting electromagnetic radiation into electrical energy; equipment for use in connection with collecting and converting solar energy into electricity, namely, inverters. |

| T Design | 86/532395 | 6029381 | (09) Wirelessly connected electric battery apparatus with embedded remotely updateable software and firmware for storage and discharge of stored electricity for usage in entire dwellings and buildings; wirelessly connected electric battery apparatus with embedded remotely updateable software and firmware for storing, and discharging stored electricity supplied by or to an electric power grid or other source of electric power generation for stabilizing and meeting electricity demands and usage goals; computer software for monitoring, optimizing and regulating the storage, and discharge of stored energy to and from such wirelessly connected electric battery apparatus. |
|---|---|---|---|
| | | | (37) Installation, maintenance and repair and upgrading of wirelessly connected electric battery apparatus, and consulting related thereto, for the storage and discharge of stored electricity for stabilizing and meeting electricity demands and usage goals. |
| | | | (42) Monitoring of wirelessly connected electric battery apparatus with embedded firmware and software for storing and supplying electricity to ensure proper functioning and programming for meeting electricity demands and usage goals; Design of electric battery systems comprised of wirelessly connected electric battery apparatus and supporting software, all for storage and discharge of stored electricity, in order to optimize the design efficiency, programming and configuration of said systems, and consulting services related thereto; Software as a service (SAAS) featuring software for monitoring, optimizing and regulating the storage and discharge of stored energy to and from wirelessly connected electric battery apparatus; Providing online non-downloadable software for monitoring, optimizing and regulating the storage and discharge of stored energy to and from wirelessly connected electric battery apparatus; Management of wirelessly connected electric battery apparatus with embedded software and firmware for the storage and discharge of stored electricity by programming and configuring software for electric battery apparatus; Installation, maintenance and repair and upgrading of remotely updateable computer software and |

| | | | |
|---|---|---|---|
| | | | firmware embedded in wirelessly connected electric battery apparatus, and consulting related thereto, for the storage and discharge of stored electricity for stabilizing and meeting electricity demands and usage goals. |
| T Design | 77/785858 | 4560509 | (12) Brake calipers for land vehicles; anti-skid chains, roof-racks, shock absorbers, springs, stabilizer bars, suspensions, all for vehicles; fitted covers for vehicles; semi-fitted covers for vehicles; trim panels for vehicle bodies.<br><br>(18) Book bags; school bags. |
| T Design | 77/983314 | 4226096 | (12) Apparatus for locomotion by land, air or water, namely, cars, boats, airplanes; electric automobiles; electric automobile parts, fully battery electric, high performance sports automobile; seats, upholstery, steering wheels, automobile wheel hubs; vehicle wheels; motor vehicle bodies; vehicles, namely, automobiles; motors; motor land vehicles; parts and fittings for motor land vehicles, namely, structural automobile parts and powertrain components.<br><br>(21) Cups and mugs.<br><br>(25) Articles of clothing, namely, t-shirts, shirts, jackets, hats; headgear, namely, sports hats, caps, sun visors.<br><br>(37) Providing maintenance and repair services for automobiles.<br><br>(39) Transportation and storage of automobiles.<br><br>(40) Custom manufacture of vehicles. |
| T Design | 97/601874 | | (18) Book bags; school bags; backpacks. |
| T Design | 97/359592 | 7055039 | (26) Belt buckles. |

| T Design | 88/302963 | 6322825 | (28) Model cars; toy cars; toy vehicles; toy vehicle play sets and accessories therefor; miniature toy models of vehicles, diecast toy vehicle models; scale size collector toy model vehicles. |
|---|---|---|---|
| T Design | 86/697256 | 4901891 | (39) Leasing of motor vehicles. |
| T Design | 90/740074 | 6958647 | (43) Restaurant services, pop-up restaurant services, self-service restaurant services, take-out restaurant services. |
| T Design | 98/058768 | | (32) Beer. |
| TESLA | 85/907417 | 4554429 | (09) Batteries to supply electric power to motors for electric vehicles; wall-mounted electric power connector to charge electric automobiles; mobile plug-in electric power connector to charge electric automobiles; downloadable software in the nature of a mobile application for monitoring electric charge and status of vehicles and remote control of vehicle; downloadable software in the nature of vehicle operating system software. |
| TESLA | 86/532390 | 6289537 | (09) Wirelessly connected electric battery apparatus with embedded remotely updateable software and firmware for storage and discharge of stored electricity for usage in dwellings and buildings; wirelessly connected electric battery apparatus with embedded remotely updateable software and firmware for storing, and discharging stored electricity supplied by or to an electric power grid or other source of electric power generation for stabilizing and meeting electricity demands and usage goals; computer software for monitoring, optimizing and regulating the storage, and discharge of stored energy to and from such wirelessly connected electric battery apparatus.<br><br>(36) Financing services relating to wirelessly connected electric battery apparatus with embedded remotely updateable software and firmware for the storage, and |

|  |  |  | discharge of stored electricity for stabilizing and meeting electricity demands and usage goals.<br><br>(40) Leasing of wirelessly connected electric battery apparatus with embedded remotely updateable software and firmware for the storage, and discharge of stored electricity for stabilizing and meeting electricity demands and usage goals.<br><br>(42) Monitoring of wirelessly connected electric battery apparatus with embedded firmware and software for storing and supplying electricity to ensure proper functioning and programming for meeting electricity demands and usage goals; Design of electric battery systems comprised of wirelessly connected electric battery apparatus and supporting software, all for storage and discharge of stored electricity, in order to optimize the design efficiency, programming and configuration of said systems, and consulting services related thereto; Software as a service (SAAS) featuring software for monitoring, optimizing and regulating the storage and discharge of stored energy to and from wirelessly connected electric battery apparatus; Providing online non-downloadable software for monitoring, optimizing and regulating the storage and discharge of stored energy to and from wirelessly connected electric battery apparatus; Management of wirelessly connected electric battery apparatus with embedded software and firmware for the storage and discharge of stored electricity by programming and configuring software for electric battery apparatus; Installation, maintenance and repair and upgrading of remotely updateable computer software and firmware embedded in wirelessly connected electric battery apparatus, and consulting related thereto, for the storage and discharge of stored electricity for stabilizing and meeting electricity demands and usage goals. |
| TESLA | 85/907424 | 4443472 | (12) Automobiles and structural parts therefor. |
| TESLA | 97/601873 |  | (18) Book bags; school bags; backpacks. |
| TESLA | 98/058770 |  | (32) Beer. |

| TESLA | 85/907421 | 4443471 | (36) Financing relating to automobiles. |
|---|---|---|---|
| TESLA | 88/390523 | 6180977 | (36) Insurance agencies and brokerage in the field of automobile insurance; providing online information regarding financing an automobile, including insurance information and costs; insurance services, namely, underwriting, issuing and administration of automobile insurance; insurance services, namely, underwriting extended warranty contracts in the field of automobiles; insurance claims processing in the field of automobiles; providing vehicle insurance rate quotes. |
| TESLA | 85/907420 | 4443470 | (37) Providing maintenance and repair services for automobiles. |
| TESLA | 86/697253 | 5006090 | (39) Leasing of motor vehicles. |
| TESLA | 87/080898 | 6158369 | (42) Monitoring of solar panels and other equipment for use in converting solar energy into electricity to ensure proper functioning and programming for meeting electricity demands and usage goals; monitoring of efficiency, production levels and other performance data of solar panels and other equipment for use in converting solar energy into electricity. |
| TESLA | 90/740067 | 6958645 | (43) Restaurant services, pop-up restaurant services, self-service restaurant services, take-out restaurant services. |
| TESLA (Stylized) ⊤ ⼕ ⯃ ⌁ ⯃ | 88/818729 | 6323811 | (06) Roofing, of metal, incorporating solar cells. (19) Roofing, not of metal, incorporating solar cells. |
| TESLA (Stylized) ⊤ ⼕ ⯃ ⌁ ⯃ | 97/210647 | | (09) Microphones; headphones; earphones; digital audio players; sound transmitting apparatus; audio speakers; subwoofers; earpads for headphones; audio interfaces; audio equalizer apparatus; horns for loudspeakers; megaphones, sold only in connection with vehicles. |

| TESLA (Stylized)

TESLA | 86/532393 | 6289538 | (09) Wirelessly connected electric battery apparatus with embedded remotely updateable software and firmware for storage and discharge of stored electricity for usage in dwellings and buildings; wirelessly connected electric battery apparatus with embedded remotely updateable software and firmware for storing, and discharging stored electricity supplied by or to an electric power grid or other source of electric power generation for stabilizing and meeting electricity demands and usage goals; computer software for monitoring, optimizing and regulating the storage, and discharge of stored energy to and from such wirelessly connected electric battery apparatus.

(36) Financing services relating to wirelessly connected electric battery apparatus with embedded remotely updateable software and firmware for the storage, and discharge of stored electricity for stabilizing and meeting electricity demands and usage goals.

(40) Leasing of wirelessly connected electric battery apparatus with embedded remotely updateable software and firmware for the storage, and discharge of stored electricity for stabilizing and meeting electricity demands and usage goals.

(42) Monitoring of wirelessly connected electric battery apparatus with embedded firmware and software for storing and supplying electricity to ensure proper functioning and programming for meeting electricity demands and usage goals; design of electric battery systems comprised of wirelessly connected electric battery apparatus and supporting software, all for storage and discharge of stored electricity, in order to optimize the design efficiency, programming and configuration of said systems, and consulting services related thereto; software as a service (SAAS) featuring software for monitoring, optimizing and regulating the storage and discharge of stored energy to and from wirelessly connected electric battery apparatus; providing online non-downloadable software for monitoring, optimizing and regulating the storage and discharge of stored energy to and from wirelessly connected electric battery apparatus; management of wirelessly connected electric battery |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | apparatus with embedded software and firmware for the storage and discharge of stored electricity by programming and configuring software for electric battery apparatus; installation, maintenance and repair and upgrading of remotely updateable computer software and firmware embedded in wirelessly connected electric battery apparatus, and consulting related thereto, for the storage and discharge of stored electricity for stabilizing and meeting electricity demands and usage goals. |
| TESLA (Stylized) TESLA | 77/785919 | 4560510 | (12) Anti-skid chains, roof-racks, shock absorbers, springs, stabilizer bars, suspensions, all for vehicles; trim panels for vehicle bodies; brake calipers for land vehicles.<br><br>(18) Book bags; school bags.<br><br>(27) Mats.<br><br>(36) Providing financial services relating to automobiles, namely, automobile financing and lease-purchase financing; financing services for the purchase and leasing of motor vehicles; lease-purchase financing; credit services, namely, providing financing for motor vehicles; providing financial advice in the field of motor vehicles. |
| TESLA (Stylized) TESLA | 77/983373 | 4226099 | (12) Apparatus for locomotion by land, namely, cars, electric automobiles; electric automobile parts; fully battery electric, high performance sports automobile; seats, automobile wheel hubs; vehicle wheels; upholstery, fitted covers for vehicles; semi-fitted covers for vehicles; steering wheels, motors; motor vehicle bodies; vehicles, namely, automobiles; motor land vehicles; parts and fittings for motor land vehicles, namely, structural automobile parts and powertrain components.<br><br>(21) Cups and mugs.<br><br>(25) Articles of clothing, namely, t-shirts, shirts, jackets, hats; headgear, namely, sports hats, caps, sun visors.<br><br>(37) Providing maintenance and repair services for automobiles.<br><br>(39) Transportation and storage of automobiles. |

| | | | (40) Custom manufacture of vehicles. |
|---|---|---|---|
| TESLA (Stylized) T=SLA | 88/302955 | 6322823 | (28) Model cars; toy cars; toy vehicles; toy vehicle play sets and accessories therefor; miniature toy models of vehicles, diecast toy vehicle models; scale size collector toy model vehicles. |
| TESLA (Stylized) T=SLA | 98/058763 | | (32) Beer. |
| TESLA (Stylized) T=SLA | 88/390528 | 6180979 | (36) Insurance agencies and brokerage in the field of automobile insurance; providing online information regarding financing an automobile, including insurance information and costs; insurance services, namely, underwriting, issuing and administration of automobile insurance; insurance services, namely, underwriting extended warranty contracts in the field of automobiles; insurance claims processing in the field of automobiles; providing vehicle insurance rate quotes. |
| TESLA (Stylized) T=SLA | 87/491060 | 6283401 | (42) Monitoring of solar panels and other equipment for use in converting solar energy into electricity to ensure proper functioning and programming for meeting electricity demands and usage goals; monitoring of efficiency, production levels and other performance data of solar panels and other equipment for use in converting solar energy into electricity. |
| TESLA (Stylized) T=SLA | 90/740072 | 6958646 | (43) Restaurant services, pop-up restaurant services, self-service restaurant services, take-out restaurant services. |
| CYBERTRUCK | 88/682192 | 7294980 | (12) Land vehicles; electric vehicles, namely, automobiles and trucks; trucks; pick-up trucks; automobiles; and structural parts therefor |
| CYBERTRUCK (Stylized) | 88/702302 | 7294982 | (12) Land vehicles; electric vehicles, namely, automobiles and trucks; trucks; pick-up trucks; automobiles; and structural parts therefor |

24. The Tesla Marks are used in connection with the design, manufacturing, marketing, and distribution of high-quality goods in at least the categories identified above.

25. Long before Defendants began their infringing activities complained of herein, the Tesla Marks had been used by Plaintiff in interstate commerce to identify and distinguish Plaintiff's products and merchandise for an extended period.

26. The Tesla Marks are well-known and famous and have been for many years. Plaintiff has expended substantial time, money, and other resources developing, enforced, and otherwise promoting the Tesla Marks and products bearing the Tesla Marks. The Tesla Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

27. Plaintiff has extensively used, enforced, and promoted the Tesla Marks in the United States in association with their merchandise.

28. As a result of Plaintiff's efforts, members of the consuming public readily identify products and merchandise bearing or sold under the Tesla Marks as being high quality goods sponsored and approved by Plaintiff.

29. The Tesla Marks serve as a symbol of Plaintiff's quality, reputation, and goodwill and have never been abandoned.

*Defendants' Counterfeiting and Infringing Conduct*

30. Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale counterfeit and infringing goods in interstate commerce using exact copies and confusingly similar copies of the Tesla Marks through at least the Internet based e-commerce stores operating under the Seller IDs (collectively, the "Counterfeit Goods"). Plaintiff has used the Tesla Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Plaintiff's merchandise.

31.     Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially and materially different than that of Plaintiff's genuine goods.  Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by Plaintiff under the Tesla Marks despite Defendants' knowledge that they are without authority to use the Tesla Marks.  The effect of Defendants' actions will cause confusion of consumers, at the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, or approved by Plaintiff.

32.     Defendants advertise their Counterfeit Goods for sale to the consuming public via e-commerce stores on Internet marketplace websites using at least the Seller IDs.  In so advertising these goods, Defendants improperly and unlawfully use the Tesla Marks without Plaintiff's permission.

33.     As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, employing and benefitting from substantially similar, advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of the Tesla Marks. Specifically, Defendants are using counterfeits and infringements of Plaintiff's famous Tesla Marks in order to make their e-commerce stores and websites selling illegal goods appear more relevant, authentic, and attractive to consumers searching for Plaintiff's related goods and information online.   By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods.  Defendants are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to

fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the goodwill associated with the Tesla Marks, and/or (iii) increasing Plaintiff's overall cost to market the Tesla Marks and educate consumers about their brand via the Internet.

34.    Upon information and belief, Defendants are concurrently targeting their counterfeiting and infringing activities toward consumers and causing harm within this District and elsewhere throughout the United States.  As a result, Defendants are defrauding Plaintiff and the consuming public for Defendants' own benefit.

35.    Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiff's ownership of the Tesla Marks, including their exclusive right to use and license such intellectual property and the goodwill associated therewith.

36.    Defendants' use of the Tesla Marks, including the promotion and advertisement, distribution, sale and offering for sale of their Counterfeit Goods, is without Plaintiff's consent or authorization.

37.    Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of trading on Plaintiff's goodwill and reputation.  If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

38.    Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive

customers, the public, and the trade into believing there is a connection or association between Plaintiff's genuine goods and Defendants' Counterfeit Goods, which there is not.

39.     Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' trademark counterfeiting and infringing and unfairly competitive activities connected to their Seller IDs and any other alias seller identification names being used and/or controlled by them.

40.     Further, upon information and belief, Defendants are likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to Plaintiff.

41.     Plaintiff has no adequate remedy at law.

42.     Plaintiff is suffering irreparable injury and have suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Tesla Marks .

43.     The harm and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

### COUNT I -- TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

44.     Plaintiff hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 43 as though fully set forth herein.

45.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the Tesla Marks  in commerce in connection with the promotion, advertisement, distribution, offering for sale, and sale of the Counterfeit Goods.

46.     Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods, using counterfeits and/or infringements of the Tesla Marks.  Defendants are

18

continuously infringing and inducing others to infringe the Tesla Marks  by using one or more of them to advertise, promote, offer to sell, and/or sell at least counterfeit and infringing goods.

47.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

48.     Defendants' unlawful actions have individually and jointly caused and are continuing to cause unquantifiable damage to Plaintiff and are unjustly enriching Defendants with profits at Plaintiff's expense.

49.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the Tesla Marks  in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

50.     Plaintiff has suffered and will continue to suffer irreparable injury and damages due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined.  Additionally, Defendants will continue to wrongfully profit from their illegal activities.

### COUNT II -- FALSE DESIGNATION OF ORIGIN
### PURSUANT TO § 43(A) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

51.     Plaintiff hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 43 as though fully set forth herein.

52.     Upon information and belief, Defendants' Counterfeit Goods bearing, offered for sale, and sold under copies of the Tesla Marks  have been widely advertised and offered for sale throughout the United States via the Internet.

53.     Defendants' Counterfeit Goods bearing, offered for sale, and sold under copies of the Tesla Marks  are virtually identical in appearance to Plaintiff's genuine goods.  However, Defendants' Counterfeit Goods are different in quality.  Accordingly, Defendants' activities are

likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

54.     Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Plaintiff's detriment.

55.     Defendants have authorized infringing uses of the Tesla Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods.  Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

56.     Additionally, Defendants are using counterfeits and infringements of the Tesla Marks  in order to unfairly compete with Plaintiff and others for space within search engine organic results, thereby jointly depriving Plaintiff of a valuable marketing and educational tool which would otherwise be available to Plaintiff and reducing the visibility of Plaintiff's genuine goods on the World Wide Web.

57.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

58.     Plaintiff has no adequate remedy at law and has sustained indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits and Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT III -- COMMON LAW UNFAIR COMPETITION

59.     Plaintiff hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 43 as though fully set forth herein.

60.     This is an action against Defendants based on their promotion, advertisement, distribution, sale, and/or offering for sale of goods using marks which are virtually identical, both visually and phonetically, to the Tesla Marks in violation of Texas's common law of unfair competition.

61.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing goods bearing counterfeits and infringements of the Tesla Marks. Defendants are also using counterfeits and infringements of the Tesla Marks to unfairly compete with Plaintiff for (i) space in search engine results across an array of search terms and/or (ii) visibility on the World Wide Web.

62.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Tesla Marks.

63.     Plaintiff has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

64.     Plaintiff hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 43 as though fully set forth herein.

65.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing the Tesla Marks.  Plaintiff is the owner of all common law rights in and to the Tesla Marks.

66.     Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of the Tesla Marks.

67.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Tesla Marks.

68.     Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

A.     Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502(a), and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Tesla Marks; from using the Tesla Marks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or design that may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff; from falsely representing themselves as being connected with Plaintiff, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any

way endorsed by, approved by, and/or associated with Plaintiff; from using any counterfeit, copy, or colorable imitation of the Tesla Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiff's, or in any way endorsed by Plaintiff and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Plaintiff's Tesla Marks; and from otherwise unfairly competing with Plaintiff.

B.    Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court disable and/or cease facilitating access to the Seller IDs, and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Tesla Marks.

C.    Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court, identify any e-mail address known to be associated with Defendants' respective Seller ID.

D.    Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by the Court

permanently remove any and all listings and associated images of goods bearing counterfeits and/or infringements of the Tesla Marks via the e-commerce stores operating under the Seller IDs, and upon Plaintiff's request, any other listings and images of goods bearing counterfeits and/or infringements of the Tesla Marks  associated with and/or linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing counterfeits and/or infringements of the Tesla Marks.

E.      Entry of an order requiring Defendants to account to and pay Plaintiff for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Plaintiff be trebled, as provided for under 15 U.S.C. §1117, or, at Plaintiff's election with respect to Count I, that Plaintiff be awarded statutory damages from each Defendant in the amount of two million US dollars ($2,000,000.00) per each counterfeit trademark used and product type sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

F.      Entry of an order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other alias seller identification or e-commerce store names, domain names and/or websites used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

G.      Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Plaintiff's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

H.      Entry of an order requiring Defendants to pay prejudgment interest according to law.

I.      Entry of an order for such other and further relief as the Court may deem proper and just.

Date:   April 5, 2024                         Respectfully submitted by,

**/s/ A. Robert Weaver**
Arthur Robert Weaver (Fla. Bar No. 92132)
Email: rweaver@brickellip.com
THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue, South Tower, Suite 800
Miami FL, 33131
Telephone: (305) 728-8831
*Attorneys for Plaintiff*