UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

CASE NO.: 6:24-cv-00172-ADA

TESLA, INC.,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

      Defendants.

_____/

**PLAINTIFF'S MOTION TO CONTINUE PRELIMINARY INJUNCTION HEARING
AND EXTEND *EX PARTE* TEMPORARY RESTRAINING ORDER**

Plaintiff, Tesla, Inc. ("Plaintiff"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 65(b)(2), respectfully moves for an order continuing the Court's preliminary injunction hearing presently scheduled for May 1, 2024 and extending the Court's Sealed Order granting *ex parte* application for entry of a Temporary Restraining Order (Dkt. 9).

Plaintiff requests a 21-day extension to the temporary restraining order to expire on May 24, 2023, and for the preliminary injunction hearing to be rescheduled accordingly. This extension is necessary so that Plaintiff can receive Defendants' identifying information from Amazon, the subpoenaed third-party platform, in order to effectuate service on Defendants, as well as to give all Defendants fair notice of any preliminary injunction hearing.

In support of this motion, Plaintiff respectfully refers the Court to the following Memorandum of Law:

**MEMORANDUM OF LAW**

1.      On Friday, April 19, 2024, this Court issued its Sealed Order granting Plaintiff's *Ex Parte* Application for Entry of a Temporary Restraining Order (Dkt. No. 9) (the "TRO"). The TRO set a preliminary injunction hearing schedule requiring: Defendants to serve answering papers by April 26, 2024; Plaintiffs to serve reply papers by April 30, 2024; and a preliminary injunction hearing to be held on May 1, 2024. TRO, at 17-18.

2.      The next business day, on Monday April 22, 2024 Plaintiff served Amazon, the third-party online storefront hosting service for the Defendants, its subpoena to identify the Defendants on Schedule "A" and to restrain the respective accounts of the Defendants. Although the Court also granted Plaintiff alternative service by e-mail on Defendants (Dkt. 10), service cannot occur until the Defendants are identified in response to the subpoenas.

3.      Rule 45 subpoenas must allow a reasonable time for compliance. Fed. R. Civ. P. 45(d)(3)(A). The subpoena allowed Amazon fourteen (14) days to respond – commanding production on or before May 6, 2024. As of this filing, Plaintiff has not received a response from Amazon. It is undersigned counsel's experience that Amazon typically processes and replies to a subpoena about one to two weeks after service.

4.      Additionally, prior to a preliminary injunction hearing, Rule 65 requires that the nonmoving party be provided notice and an opportunity to present its opposition. *Williams v. McKeithen*, 939 F.2d 1100, 1105 (5th Cir. 1991); *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). While Rule 65 does not define "notice," the notice requirement "implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Id.* (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70*, 415 U.S. 423, 434 n. 7 (1974)).

5.      Pursuant to Rule 65, this Court may issue a temporary restraining order for a period of fourteen (14) days, and "for good cause shown," may extend a temporary restraining order for a "like period" of time.  Fed. R. Civ. P. 65(b)(2). "There is authority for the proposition that, under appropriate circumstances, a court may extend a TRO beyond 28 days." *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, Case No. 2:11-cv-00742, 2011 WL 4368418, at *1 (E.D. Wis. Sept. 19, 2011); *see also Almetals, Inc. v. Wickender Westfalenstahl, GMBH*, No. 08-10109, 2008 WL 624067, at *2-3 (E.D. Mich. Mar. 6, 2008) (granting plaintiff's request to extend TRO until plaintiff could effect service under Hague Convention); *Assocs. Fin. Servc. Co., Inc. v. Mercantile Mortgage Co.*, 727 F.Supp. 371, 375 (N.D. Ill. 1989) (granting several month extension because 20 days was "a woefully inadequate time in which to prepare for, hear and decide a motion for preliminary injunction.").

6.      Here, there is good cause to extend the TRO because Plaintiff is presently unable to serve the Defendants, and Plaintiff may not be able to serve the Defendants prior to the preliminary injunction hearing currently set for May 1, 2024. Although Plaintiff diligently and expeditiously proceeded to serve its subpoena, even if Amazon was instantaneously served its subpoena after the TRO was issued it is extremely unlikely that Plaintiff would have received its reply by this time, yet alone been able to serve the Defendants and afford them reasonable notice of a preliminary injunction hearing. Plaintiff respectfully submits that this 21-day extension is the reasonably soonest timeframe it can effectuate service such that Defendants would be afforded a fair opportunity to oppose the application.

WHEREFORE, Plaintiff respectfully requests that the TRO be extended by 21 days, to expire after the conclusion of an appropriately re-scheduled preliminary injunction hearing.

Date:   April 25, 2024                                  Respectfully submitted by,

THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami FL, 33131
Tel: 305-728-8831
Fax: 305-428-2450

*/s/ A. Robert Weaver*
A. Robert Weaver
Fla. Bar No. 92132
Email: rweaver@brickellip.com

*Counsel for Plaintiff*