UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

CASE NO.: 6:24-cv-00172-ADA

TESLA, INC.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
    _____/

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR PRELIMINARY INJUNCTION

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Entry of Preliminary Injunction ("Plaintiff's Motion"). The Plaintiff, Tesla, Inc. ("Plaintiff") moves, for entry of a preliminary injunction against the Defendants, Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" attached hereto (collectively "Defendants"), and an order restraining the financial accounts used by Defendants pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a).

The Court previously entered an order granting Plaintiff's *ex parte* Application for Entry of Temporary Restraining Order ("TRO) (ECF No. 9). Upon Plaintiff's showing of good cause, the Court extended the TRO to expire on May 17, 2024 (ECF No. 15). The Court convened a public zoom hearing on May 17, 2024. Defendants were advised that failure to appear at the hearing may result in imposition of a preliminary injunction against them. TRO, at 17. Plaintiff was present at the hearing and available to present evidence supporting entry of its requested preliminary injunction. Plaintiff certifies that it served Defendants notice of this hearing on May

1, 2024. *See* Certificate of Service (ECF No. 17). Only three Defendants filed oppositions: defendant "Cigreen Car Refrigerator" (Def. No. 59 on Schedule "A"); defendant "Slowslog Home" (Def. No. 255 on Schedule "A"); and defendant Topfire Limited identified in the Complaint as "Auto Off-roading" (Def. No. 24 on Schedule "A"). *See* (ECF Nos. 24, 28, and 38). Plaintiff replied to these oppositions indicating that "Cigreen Car Refrigerator" and "Auto Off-roading" were previously dismissed, and Plaintiff represented that it was not pursuing a preliminary injunction against "Slowslog Home." *See* (ECF Nos. 42-44). Accordingly, these Defendants as well as all previously dismissed Defendants are not subject to this Order.[1] No other Defendant appeared at the hearing or filed a response. Because the Plaintiff has satisfied the requirement for the issuance of a preliminary injunction, the Court will now grant Plaintiff's Motion for Preliminary Injunction.

> I. **FACTUAL BACKGROUND**[2]

Plaintiff is the owner of the federally registered trademarks identified in Schedule B (the "Tesla Marks") attached to the Declaration of Lou Dorny ("Dorny Decl."), filed with Plaintiff's Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets. Plaintiff has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Tesla Marks. *Id.* at ¶ 7.

Tesla actively polices and enforces its trademarks. Dorny Decl. at ¶ 10. Tesla suffers irreparable harm to its goodwill, as well as a direct monetary loss, any time third parties, including Defendants, sell goods using identical or substantially similar unauthorized copies or derivatives of the Tesla Marks. *Id.*

---

[1] Attached to this Order is a Schedule of Enjoined Defendants that are subject to this Order.

[2] The factual background is taken from the Plaintiff's Complaint (ECF No. 1) and Motion for TRO (ECF No. 4), which are incorporated herein by reference.

Defendants do not have, nor have they ever had, the right or authority to use the Tesla Marks for any purpose. *See* Dorny Decl. at ¶ 11. Despite their known lack of authority to do so, Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale, through their respective Seller IDs, goods using the Tesla Marks without authorization ("Defendants' Goods"). *Id.*; *see also* Declaration of A. Robert Weaver ("Weaver Decl."), attached to Plaintiff's Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets at ¶ 4.

Given Defendants' blatant counterfeiting and infringement of the Tesla Marks, Defendants' Goods are indistinguishable to consumers, both at the point of sale and post-sale. Plaintiff is suffering irreparable harm and damage by the incalculable profit Defendants are deriving by using Plaintiff's Tesla Marks to drive consumers to the e-commerce stores and commercial websites operating under the Seller IDs. Dorny Decl. at ¶¶ 15-18.

The Plaintiff investigated the promotion and sale of counterfeit and infringing versions of the Plaintiff's branded products by the Defendants. *See* Dorny Decl. at ¶¶ 11-14. Plaintiff accessed each of the e-commerce stores operating under the Defendants' Seller IDs, initiated the ordering process for the purchase of a product from each of the Seller IDs, bearing counterfeit copies and infringements of Plaintiff's Tesla Marks, and requested each product to be shipped to an address in the Western District of Texas. *See id.; see also* Sobrado Decl. at ¶ 5. The Plaintiff conducted a review and visually inspected the Defendants' Goods and determined the products were nongenuine, unauthorized versions of the Plaintiff's products bearing the Tesla Marks. *See id.*

## II. LEGAL STANDARD

To obtain a preliminary injunction, a party must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the

temporary restraining order is denied; (3) that the threatened injury outweighs any damage that the temporary restraining order might cause the defendant; and (4) that the temporary restraining order will not disserve the public interest. *See Whole Woman's Health v. Paxton*, 264 F.Supp.3d 813, 818 (W.D. Tex. 2017) (*citing Jackson Women's Health Org. v. Currier*, 760 F.3d 338, 452 (5th Cir. 2014)).

## III. CONCLUSIONS OF LAW

The declarations submitted by the Plaintiff support the following conclusions of law:

A. Absent arguments from Defendants at this early stage of the proceeding, Plaintiff has demonstrated a *prima facie* showing that this Court has specific personal jurisdiction over the Defendants. Defendants, alleged to be residing outside the United States, are alleged to have committed a tortious act within the state pursuant to Tex. Civ. Prac. & Rem. Code §17.042(2). The Texas long-arm statute extends to the limits of federal due process. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). Operating an Internet website for the purpose of selling allegedly infringing product to Texas consumers, as alleged here, constitute sufficient minimum contacts. *Global 360, Inc. v. Spittin' Image Software, Inc.*, 2005 WL 625493, at *5 (N.D. Tex. Mar. 17, 2005) (collecting cases). Additionally, jurisdiction is properly pled pursuant to Fed. R. Civ. P. 4(k)(2), the federal long arm statute, because Plaintiff's claims arise under the Federal Trademark (Lanham) Act, and Defendants have not consented to jurisdiction in another state. *Viahart, LLC v. Does 1-54*, 2022 WL 4138590, *9-10 (E.D. Tex. July 18, 2022).

B. The Plaintiff has a strong probability of proving at trial that (1) consumers are likely to be confused by the Defendants' advertisement, promotion, sale, offer for sale, or distribution of

goods bearing and/or using counterfeits, reproductions, or colorable imitations of the Masha and The Bear Marks, and that (2) the products Defendants are selling and promoting for sale are copies of the Plaintiff's products which bear copies of the Masha and The Bear Marks.

C. Plaintiff has demonstrated a *prima facie* showing that venue is proper in this District because, for venue purposes, "a defendant not resident in the United States may be sued in any judicial district." 28 U.S.C. § 1391(c)(3).

D. Joinder of the Defendants in Schedule "A" continues to be appropriate under Rule 20(a) at this stage of the proceeding. Plaintiff has sufficiently alleged that Defendants operate as an interrelated group to knowingly sell counterfeit products, which constitutes a series of occurrences within the meaning of Rule 20. *Viahart L.L.C. v. GangPeng*, 2022 WL 445161, at *4 (5th Cir. 2022). Moreover, this serves as a logical connection between each Defendant, collectively causing the "occurrence of mass harm" resulting from Defendants concerted efforts to anonymously commit trademark and copyright infringement through the online platforms. *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A,"* 334 F.R.D. 511, 517 (N.D. Ill. 2020). A review of Defendants' infringing webpages further demonstrates a concerted action between the Defendants given the similarities between the Defendants listings on the platforms. *See WowWee Group Ltd. v. Merily*, 2019 WL 1375470, at *6 (S.D.N.Y. Mar. 27, 2019) ("significant similarities" across the defendants' storefronts on Wish.com was a "logical relationship" between the Defendants supporting permissive joinder where no defendants had appeared to assert potentially conflicting defenses). Thus, joinder is proper at this stage of the proceeding.

E. The facts set forth in the Complaint, the Application, and accompanying declarations, demonstrate that Plaintiff has a strong probability of prevailing on its trademark infringement claims.

F. Because of the infringement of the Tesla Marks, the Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in the Plaintiff's Complaint, Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to the Plaintiff and to consumers in view of the following considerations:

1. The Defendants own or control Internet based e-commerce stores and websites which advertise, promote, offer for sale, and sell products bearing counterfeit and infringing trademarks in violation of the Plaintiff's rights; and

2. There is good cause to believe that more counterfeit and infringing products bearing the Plaintiff's Tesla Marks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that the Plaintiff may suffer loss of sales for its genuine products and an unnatural erosion of the legitimate marketplace in which it operates.

G. The balance of potential harm to the Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to the Plaintiff, its reputation, and its goodwill as manufacturers and distributors of quality products if such relief is not issued.

H. The public interest favors issuance of a preliminary injunction to protect the Plaintiff's trademark interests, to encourage respect for the law, to facilitate the invention and

development of innovative products, and to protect the public from being defrauded by the illegal sale of counterfeit goods.

    I.    Under 15 U.S.C. § 1117(a), the Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through the Defendants' distribution and sales of goods bearing counterfeits and infringements of the Tesla Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

    J.    Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

    K.    In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that the Defendants have violated federal trademark laws, the Plaintiff has good reason to believe the Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Upon review of the Plaintiff's Complaint, Motion, and supporting evidentiary submissions, the Court hereby

**ORDERS AND ADJUDGES** that the Plaintiff's Motion for Preliminary Injunction is **GRANTED**, under the terms set forth below:

(1) Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order are restrained and enjoined until further order from this Court as follows:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Tesla Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by the Plaintiff;

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, bearing and/or using the Tesla Marks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the Tesla Marks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Defendants.

(2) Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order shall immediately discontinue the unauthorized use of the Tesla Marks on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs.

(3) Each of the Defendants shall not transfer ownership of the Seller IDs during the pendency of this action, or until further Order of the Court.

(4) Upon receipt of notice of this Order, the Defendants and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Defendants, including but not limited to,

AliExpress, Alipay, Dhgate, Dhpay, Joom, Wish, Wishpay, Amazon, Amazon Pay, Ebay, Etsy, and/or Taobao, and their related companies and affiliates (collectively, the "Third Party Providers"), shall after receipt of notice of this Order, restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, and restrain any other financial accounts tied thereto. Such restraining of the funds and the disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

(5) Any Defendant or Third Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(6) This Order shall apply to the Seller IDs, associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of counterfeiting and infringing the Tesla Marks at issue in this action and/or unfairly competing with Plaintiff.

(7) This Order shall remain in effect during the pendency of this action, or until such further dates as set by the Court or stipulated to by the parties.

(8) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), the Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which the Defendants may be entitled for a

wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court.

**DONE AND ORDERED** in Waco, Texas this 23rd day of May, 2024.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

## Schedule of Enjoined Defendants

| Def. No. | Seller Name |
|---|---|
| 1 | 87655678 |
| 4 | ACEDOAMARE US |
| 6 | AEROFARA-US |
| 7 | Aing Store |
| 8 | Aishimihan |
| 9 | Aiskooc |
| 10 | ALBECHE |
| 12 | Ameshener |
| 14 | angelighting |
| 15 | ANODAKN |
| 16 | Anycars+ |
| 17 | AofodoDirect |
| 18 | AOLEAD US |
| 19 | Aotoyou |
| 20 | Arkosknight |
| 21 | Arozk |
| 22 | AUFOXI |
| 23 | Auggies-US |
| 25 | Autobasis |
| 26 | Autobay |
| 27 | AutoEC Direct |
| 28 | Avocado Home Life |
| 29 | AVOTCH Store |
| 30 | Bejobfun |
| 31 | BENLAND |
| 32 | Berefose |
| 33 | BESTJP01 |
| 34 | Bestway789 |
| 35 | biconghai |
| 36 | Bivink |
| 37 | Biwen Auto Supplies |
| 38 | BK2023 Direct |
| 39 | blue andskies |
| 41 | BoxCheer |
| 42 | BRCity |
| 43 | BS Car |
| 44 | Btuptnu-US |
| 45 | BuLuManSiDianZiShangWuYouXianGongSi |
| 46 | Caihua |
| 47 | Car information |
| 48 | CARECARACC |

| | |
|---|---|
| 49 | Carpark |
| 50 | car-t |
| 51 | Carwiner |
| 52 | CAUZAMARE |
| 53 | Ce&Aotufun |
| 55 | Chaoyisheng |
| 56 | CHARGONIC SHOP |
| 57 | chengdoumiaotaorendianzishangwuyouxiangongsi |
| 58 | chengdouyuhuangminwangluokejiyouxiangongs |
| 60 | CitiGo |
| 62 | Coupount |
| 63 | CQYYRT |
| 64 | cutebox |
| 65 | DAFU DAGUI |
| 66 | Dazaione |
| 67 | DIXIAOCHUN- AE -PRO |
| 68 | DOLKSN |
| 69 | dongguanfeifengmaoyi |
| 70 | EEK-US |
| 71 | Ellen_BestBuy |
| 72 | Eruicheng |
| 73 | Esuukoo |
| 74 | EVACCY |
| 75 | EVBASE |
| 76 | EVBOYS |
| 78 | Eveaden |
| 79 | Everlastko |
| 80 | Fangfun |
| 81 | faquxi |
| 82 | FENGHAONET |
| 83 | FLYPIGEONS |
| 85 | Forza Motorsport |
| 86 | Friendly Car Home Car Products Franchise Store |
| 87 | fulienNA |
| 88 | Funce |
| 89 | FuQiDianZi |
| 90 | furnishing6699 |
| 91 | Fuzqq Store |
| 93 | gaojiliang |
| 94 | GAPPORE |
| 95 | GGMMCC |
| 96 | Goeeyiy |
| 97 | GoFarFream |

| | |
|---|---|
| 98 | GO-UPP Speciality Store |
| 99 | GTLAXXX |
| 100 | Guangzhou ailingshuo Trading Co., Ltd |
| 101 | guoweisen |
| 102 | GUWIEYG EV STORE |
| 103 | Gwydre-US |
| 104 | GyeongYeok |
| 105 | haikoulonghuaquechengshangmaoshanghang |
| 106 | hailanshangmao-us |
| 107 | Hais Direct |
| 108 | Haitianxinda |
| 109 | HANSSHOW Tesplus |
| 110 | Hansshow-tesplus |
| 111 | Hefanfaior |
| 112 | Hehai99-US |
| 113 | HenanJ |
| 114 | HNCYHX |
| 115 | HONGHAILEY |
| 116 | Hongqi New Energy |
| 117 | Horry |
| 118 | Huasanjiang US Store |
| 119 | HuaTeng |
| 120 | Hui Cheng Ji Accessory |
| 121 | huilungongmao |
| 122 | HUIOSDEP-US |
| 123 | HUZEYFE GULSEN |
| 124 | HySmiler |
| 125 | HZGAMER |
| 126 | IKITS Direct |
| 127 | ILSOCD |
| 128 | INCH EMPIRE |
| 129 | ISDORE DIRECT |
| 130 | ITIY-EU |
| 131 | iyunqujiaheho |
| 132 | JEBEST |
| 133 | JEYODA |
| 134 | jiapengstore |
| 135 | JMmaoyi |
| 136 | JNSG-US |
| 137 | JOTOK |
| 138 | Jsoprtvr-US |
| 139 | Kandich |
| 140 | Kasato Inc |

| | |
|---|---|
| 141 | Kavanic |
| 142 | Kenteli |
| 145 | KKL-US |
| 146 | KMMOTORS |
| 147 | konper |
| 148 | KOoOK |
| 149 | Kree US |
| 150 | Krypland |
| 151 | LALKS-US |
| 152 | Landrol |
| 153 | LANFAT |
| 155 | LaTough Technology |
| 156 | Lcjtop |
| 157 | Leasinder |
| 158 | Leipai Technology |
| 159 | Lejocshee |
| 160 | LELEbaihuo |
| 162 | lihongqindianpu |
| 163 | liqidexiaoshangdian |
| 164 | listery |
| 165 | LKWLIKEI |
| 167 | LOKONWIS Store |
| 168 | LOOMchina |
| 169 | Loovcart |
| 170 | LUCKYSTORE |
| 171 | LunaBox US |
| 172 | lvehome |
| 173 | Madatop |
| 174 | Magical Mai |
| 175 | Make Life Fun Today |
| 176 | Manfox |
| 177 | Mankaleilab |
| 178 | Manran Coop. |
| 179 | Martian citizen |
| 180 | MAXOAK US |
| 181 | maywaysky |
| 182 | MazuKar |
| 183 | MCLAREN.EV |
| 184 | MEEAOTUMO |
| 185 | meixiaoyu |
| 186 | MERTER MERTt |
| 187 | MetaFrame |
| 188 | MiKap |
| 190 | muge racing-US |

| | |
|---|---|
| 191 | nagi2004 |
| 192 | Nanasay |
| 193 | NECESA |
| 194 | New Start lee |
| 195 | NGHEY-Auto-US |
| 196 | nianhan-us |
| 197 | niannyang |
| 198 | NIUENSY Lcc |
| 199 | NOUSZONE |
| 200 | Nycetek |
| 201 | OEAYZOM |
| 202 | OEM KeyCase |
| 203 | OMAROV |
| 204 | One Dot modle |
| 205 | ONKENTET |
| 206 | ontto car accessory |
| 207 | ounalongNA |
| 208 | O-young |
| 209 | Ozen Inc |
| 210 | PANZI |
| 211 | partner shop |
| 212 | Peak Edge |
| 213 | PeiBang Trade |
| 214 | PENGHUIHUI-US |
| 215 | Peta Meng |
| 216 | Petnessgo |
| 217 | Piuiafey |
| 218 | PLUGOOD |
| 221 | PULPEACAY |
| 222 | Qeemu |
| 223 | QGKPL-US |
| 224 | Qiahavp-US |
| 225 | QingLiDianZi |
| 226 | qiuyudedian |
| 227 | QJZS |
| 228 | Qmusen |
| 229 | quanjiuwangluokejiyouxiangongsi |
| 230 | RaiJun |
| 231 | RANXJ |
| 232 | Rhyim |
| 233 | RIMULA |
| 234 | rkcar |
| 236 | rongrongshops |

| | |
|---|---|
| 237 | ROSEIN |
| 239 | runhuaxin |
| 240 | runxiaoqi |
| 242 | SDOROS |
| 243 | sdvf-zxvq |
| 245 | Senyuer |
| 246 | SGREEN |
| 247 | Shan Yu Hat |
| 248 | shansnao |
| 249 | SHITAMEN |
| 250 | SHNONN |
| 252 | SIMO Auto |
| 256 | SmartSafe official |
| 257 | SOLILOQUY POLYGAN |
| 258 | Soroparts |
| 259 | SSSLine |
| 260 | Starobkn |
| 261 | Storage case |
| 262 | SUORTYVB |
| 263 | SUPERWIN888 |
| 264 | SVRVGV |
| 265 | SYAO-US |
| 266 | Sydney Car |
| 267 | T&J SHero |
| 268 | TAECHU |
| 269 | Tandrive |
| 270 | TanXunAuto |
| 271 | TeahWamny |
| 272 | TEISOOL |
| 273 | Telomat Official |
| 274 | tengjiashangmao |
| 275 | TENGXI-US |
| 276 | Terris store |
| 278 | TESFITOO |
| 279 | Teslacenter |
| 280 | TESLALPF |
| 281 | Teslamotors |
| 282 | TESMate Store |
| 283 | Tolohas |
| 284 | Tomatoman |
| 286 | TopDall |
| 287 | TopLight |
| 288 | TPTOZQ |

| | |
|---|---|
| 289 | Tspower US |
| 290 | TUTU TECH Direct |
| 291 | Ufixed |
| 292 | under 9.9$ store |
| 293 | USVOTOV |
| 294 | Uxcer |
| 295 | Vabgstu store |
| 296 | Vibit |
| 297 | VIHIMAI Direct |
| 298 | vipmotoz-us |
| 299 | vivicenter |
| 300 | VoilaReve |
| 301 | Vugosson US |
| 302 | Weekeight |
| 303 | WeiJinLong123 |
| 304 | WeiPan |
| 305 | weishine |
| 306 | WenBaiKeJi |
| 307 | WERKi |
| 308 | Weson |
| 309 | Westion |
| 310 | WiCuaSix |
| 311 | WILDR TECH |
| 312 | Willhong Co.,Ltd |
| 313 | Windu Store |
| 314 | Wolfcar US |
| 315 | Woling |
| 316 | WUERSE |
| 317 | wzjuss |
| 318 | xiadanle |
| 319 | xiangpeihuazhuangpin |
| 320 | xiaominmaoyi |
| 321 | XiBaLong |
| 322 | XINFOOB |
| 324 | XSUPER Store |
| 325 | xuezebin |
| 327 | YAFENJIE |
| 328 | Yaira Jef |
| 329 | Yakee and Lemon |
| 330 | Yamiedd |
| 331 | YANF-direct |
| 332 | yanranyixiaohuaping |
| 333 | YanYongYanYong |
| 334 | Yeapop |

| | |
|---|---|
| 335 | YesComTech |
| 336 | YI Tai |
| 337 | Yida Direct INC |
| 338 | Yilaruifa |
| 340 | YJmotor |
| 342 | yookoo |
| 343 | Yooyatt Direct |
| 345 | YuanCkuyo |
| 346 | YuanLe |
| 347 | YUANMENGG |
| 348 | yuansea |
| 349 | YUANSHEN |
| 350 | YuanWai |
| 351 | YuCheng Hat |
| 352 | YUKANGDA |
| 353 | yxhcar |
| 354 | zaocun |
| 356 | ZEXPARK |
| 357 | zhangsmingyin |
| 358 | zhangxiaowangluoxiaoshou |
| 359 | Zhaohuikeji |
| 360 | ZHIDONGZHI |
| 361 | ZHKSGLJON |
| 362 | Zhongleyuanriyongbaihuo |
| 363 | ZMD |
| 364 | Zoragoo |
| 365 | ZSIS |
| 367 | 心灵港湾 (aka "Soul Harbor") |
| 368 | 招宏的小店 (aka "Zhaohong's shop") |
| 369 | 湘迎里旺旺 (aka "Xiangyingliwangwang") |